**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PETER PEREZ,

    Petitioner,

                                 CASE NO. 2:14-CV-12326

v.                            HONORABLE MARIANNE O. BATTANI
                                 UNITED STATES DISTRICT COURT

STEVEN RIVARD,

    Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Peter Perez, ("Petitioner"), confined at the St. Louis Correctional Facility in St. Louis, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for eight counts of third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(a), and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

### I. Background

Petitioner was convicted by a jury in the Saginaw County Circuit Court.

Petitioner has provided a detailed statement of facts in his brief in support of the petition for writ of habeas corpus. Respondent has likewise provided a detailed factual summary of the case, which does not essentially conflict with

1

petitioner's statement of facts.  The Court will therefore accept the factual

allegations contained within the habeas petition insofar as they are consistent

with the record, because the respondent has not disputed them. See Cristini v.

McKee, 526 F. 3d 888, 894, n. 1 (6th Cir. 2008)("When a state's return to a

habeas corpus petition fails to dispute the factual allegations contained within the

habeas petition, it essentially admits these allegations").  Because the facts of

this case have been repeated numerous times, they need not be repeated here in

their entirety.  Therefore, only a brief overview of the facts is required. See

Nevers v. Killinger, 990 F. Supp. 844, 847 (E.D. Mich. 1997).

The victim was born on September 6, 1991 and met petitioner at a trailer

park where they both lived.  The victim and other young persons would hang out

at petitioner's trailer.  As the victim grew up, petitioner paid more attention to her.

Petitioner moved from lot twelve to lot fourteen in the trailer park on May 1, 2006,

when the victim was fifteen years old.  The victim testified that shortly after the

move to lot fourteen, she was visiting petitioner at his trailer.  The victim testified

that petitioner pulled her pants down, performed oral sex on her, before inserting

his finger into her vagina.  Two or three days later, petitioner again did the same

thing to the victim.  Petitioner performed oral sex on the victim and digitally

penetrated her two more times.  All four incidents took place within a month of

each other.  The victim testified no less than five times that these crimes took

place before she turned sixteen years old.  The victim remembered her age

2

because she had yet to begin driver's education or receive her driver's license, nor had she begun ninth grade. There was testimony that the victim continued to have a consensual sexual relationship with petitioner after she turned sixteen.

Testimony was presented that petitioner attempted to commit similar crimes against two other female children.

Petitioner presented an alibi defense at trial. Petitioner's girlfriend testified that petitioner lived in an apartment on West Michigan Avenue between February and November of 2007 and that she and petitioner stayed at both the apartment and the trailer. The owner of this address testified that he rented an apartment to petitioner from August 8, 2006 until January 8, 2007 and from either February or June of 2007 until October 16, 2007. Petitioner also presented evidence that he had been incarcerated from October 30, 2005 until July 14, 2006.

Petitioner's conviction was affirmed on appeal. People v. Perez, No. 305006, 2012 WL 5853722 (Mich. Ct. App. Oct. 30, 2012); lv. den. 493 Mich. 953, 828 N.W. 2d 53 (2013).

Petitioner seeks habeas relief on the following grounds:

I. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that the defendant's convictions should be overturned because there was insufficient credible evidence at trial to prove the defendant guilty of the crime.

II. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that, the trial court denied the defendant a fair trial and his due process rights by: making errors in ruling on motion and evidentiary rulings, which would include failing to grant a new panel

3

of jurors, allowing 404(b) or 768.27a testimony, failure to strike testimony, improper restriction on cross-examination, not allowing the defendant to present a defense and other evidentiary errors.

III. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that, the defendant's sentences were invalid because they were based on inaccurate information, I,E. [sic] [i]mproper scoring of the legislatively imposed sentencing guidelines, use of an incorrect burden of proof, and insufficient facts; therefore, [v]iolating his due process rights.

IV. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that, whether correctly scoring the guidelines would require resentencing.

V. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that, the prosecutor's actions denied the defendant a fair trial and his due process rights under the Michigan and federal constitutions.

VI. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that, the Tittabawassee Township Police Report shows the crime was not committed and similar acts should not have been allowed.

VII. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that, whether the court granted a motion for directed verdict concerning count 5 and count 10.

VIII. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that, whether a bill of particulars should have been granted.

IX. The Michigan Appellate Courts unreasonably apply Supreme Court precedents in denying that, whether an evidentiary hearing should have been held.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death

4

Penalty Act of 1996 (AEDPA), imposes the following standard of review for

habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. Williams v.

Taylor, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme

Court] to the facts of a prisoner's case." Id. at 409.  A federal habeas court may

not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established

federal law erroneously or incorrectly." Id. at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal

habeas relief so long as 'fairminded jurists could disagree' on the correctness of

5

the state court's decision." <u>Harrington v. Richter</u>, 562 U.S. 86, 101 (2011)(citing <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." <u>Id.</u> at 102(citing <u>Lockyer v. Andrade,</u> 538 U.S. 63, 75 (2003)).  Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. <u>Id.</u>  To obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Id.</u> at 103.

Finally, the Court notes that petitioner raises nine claims, some containing numerous subclaims, in his habeas petition.  The Sixth Circuit observed: "When a party comes to us with nine grounds for reversing the district court, that usually means there are none." <u>Fifth Third Mortgage v. Chicago Title Ins.</u>, 692 F.3d 507, 509 (6th Cir. 2012).

### III.  Discussion

### A.  Claim # 1.  The sufficiency of evidence claim.

Petitioner first contends that there was insufficient evidence to convict him

6

of third-degree criminal sexual conduct.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In Re Winship, 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318 (1979).  This inquiry, however, does not require a court to "ask itself whether it believes that the evidence at the trial established guilt beyond reasonable doubt."  Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 318-19 (internal citation and footnote omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim simply because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the Jackson standard. See Cavazos v. Smith, 132 S. Ct. 2, 4 (2011).  "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will

7

sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." Id.  Indeed, for a federal habeas court reviewing a state court conviction, "the only question under Jackson is whether that finding was so insupportable as to fall below the threshold of bare rationality." Coleman v. Johnson, 132 S.Ct. 2060, 2065 (2012).

Finally, on habeas review, a federal court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor was observed at trial. Marshall v. Lonberger, 459 U.S. 422, 434 (1983).  It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony. Neal v. Morris, 972 F.2d 675, 679 (6th Cir. 1992).  A habeas court therefore must defer to the fact finder for its assessment of the credibility of witnesses. Matthews v. Abramajtys, 319 F.3d 780, 788 (6th Cir. 2003).

To prove third-degree criminal sexual conduct, the prosecution must prove that the defendant engaged in sexual penetration with a person at least 13 years of age, but under 16 years of age. See People v. Starks, 473 Mich. 227, 235; 701 N.W. 2d 136 (2005).  Because an underage minor cannot legally consent to sexual penetration with another person, proof of sexual penetration of an underage child automatically constitutes third-degree criminal sexual conduct. Id.

Petitioner initially contends that the evidence was insufficient to convict him because the victim's testimony was incredible in that the sexual assaults could not have taken place when they did because petitioner was in jail during

8

that time period.  Petitioner also notes that the victim's testimony was uncorroborated.

Attacks on witness credibility are simply challenges to the quality of the prosecution's evidence, and not to the sufficiency of the evidence. Martin v. Mitchell, 280 F. 3d 594, 618 (6th Cir. 2002).  An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims. Gall v. Parker, 231 F. 3d 265, 286 (6th Cir. 2000).  The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim. Id.  Indeed, the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction, so long as the prosecution presents evidence which establishes the elements of the offense beyond a reasonable doubt. Brown v. Davis, 752 F. 2d 1142, 1144-1145 (6th Cir. 1985).

Petitioner's first insufficiency of evidence claim rests on an allegation of the victim's credibility, which is the province of the jury.  Petitioner is therefore not entitled to habeas relief on this claim. See Tyler v. Mitchell, 416 F. 3d 500, 505 (6th Cir. 2005).

Additionally, the fact that the victim's testimony was uncorroborated does not render the evidence in this case insufficient.  The testimony of a sexual assault victim alone is sufficient to support a criminal defendant's conviction. See United States v. Howard, 218 F. 3d 556, 565 (6th Cir. 2000)(citing Gilbert v.

9

Parke, 763 F. 2d 821, 826 (6th Cir. 1985)).  The victim's testimony that petitioner sexually penetrated her and that she was fifteen years old at the time of the assault was sufficient to sustain petitioner's third-degree criminal sexual conduct conviction, notwithstanding the lack of physical evidence to corroborate the victim's testimony. See O'Hara v. Brigano, 499 F. 3d 492, 500 (6th Cir. 2007).

Petitioner further claims that there was insufficient evidence that petitioner penetrated the victim's vagina with his tongue, so as to support his conviction for third-degree criminal sexual conduct.  The Michigan Court of Appeals rejected this claim on the ground that the statutory definition of sexual penetration under Michigan law includes cunnilingus. Perez, 2012 WL 5853722, at *2.

Under Michigan law, sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." Greenwell v. Elo, 77 Fed. Appx. 790, 792 (6th Cir. 2003)(citing M.C.L.A. 750.520a(1)).  Under Michigan law, an act of cunnilingus is considered to be sexual penetration even where the oral contact does not include actual invasion of the vaginal cavity. See People v. Legg, 197 Mich.App 131, 133; 494 N.W. 2d 797 (1992).

The victim testified that petitioner performed oral sex on her and that she was fifteen years old at the time.  This testimony, if believed, would be sufficient to sustain petitioner's convictions for third-degree criminal sexual conduct.

The United States Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005).  State courts are the "ultimate expositors of state law." Mullaney v. Wilbur, 421 U.S. 684, 691 (1975).  What is essential to establish an element of a crime, like the question whether a given element is necessary, is a question of state law, of which federal habeas review is not available. See Sanford v. Yukins, 288 F.3d 855, 862 (6th Cir. 2002).  Moreover, a federal court on habeas review must distinguish a sufficiency of evidence claim from state law claims which are disguised as Jackson claims. Id.  This Court must therefore defer to the Michigan Court of Appeals' construction of the elements of third-degree criminal sexual conduct. See Coe v. Bell, 161 F.3d 320, 347 (6th Cir. 1998).  The Michigan courts have determined that cunnilingus constitutes sexual penetration, for purposes of Michigan's criminal sexual conduct statutes.  This Court must defer to that interpretation.  Petitioner is not entitled to habeas relief on his first claim.

**B.  Claims # 2, # 6, and # 9.  The evidentiary law claims.**

Petitioner next raises several evidentiary law issues.

Petitioner first claims in his second and sixth claims that he was denied a fair trial when the court permitted other acts evidence concerning his attempts to have sex with other children.  Petitioner claims that this evidence was used

11

solely to establish his propensity to commit the charged offenses, in violation of

M.R.E. 404(b).  Petitioner further claims that this evidence was not admissible

under M.C.L.A. 768.27a because the testimony of these two witnesses did not

involve completed sexual acts.

It is "not the province of a federal habeas court to reexamine state-court

determinations on state-court questions." Estelle v. McGuire, 502 U.S. 62, 67-68

(1991).  A federal court is limited in federal habeas review to deciding whether a

state court conviction violates the Constitution, laws, or treaties of the United

States.  Id.  Errors in the application of state law, especially rulings regarding the

admissibility of evidence, are usually not questioned by a federal habeas court.

Seymour v. Walker, 224 F. 3d 542, 552 (6th Cir. 2000).

Petitioner's claim that the state court violated M.R.E. 404(b) or M.C.L.A.

768.27a by admitting these prior bad acts into evidence would not entitle him to

habeas relief because such a claim is non-cognizable on habeas review. Bey v.

Bagley, 500 F 3d 514, 519 (6th Cir. 2007); Estelle, 502 U.S. at 72 (Supreme

Court's habeas powers did not permit Court to reverse state court conviction

based on their belief that the state trial judge erred in ruling that prior injury

evidence was admissible as bad acts evidence under California law); Dowling v.

U.S., 493 U.S. 342, 352-53 (1990)(admission at defendant's bank robbery trial of

"similar acts" evidence that he had subsequently been involved in a house

burglary for which he had been acquitted did not violate due process).  The

12

admission of this "prior bad acts" or "other acts" evidence against petitioner at his state trial does not entitle him to habeas relief, because there is no clearly established Supreme Court law which holds that a state violates a habeas petitioner's due process rights by admitting propensity evidence in the form of "prior bad acts" evidence. See Bugh v. Mitchell, 329 F. 3d 496, 512 (6th Cir. 2003).

To the extent that petitioner contends that evidence of the prior sexual acts should have been excluded under M.R.E. 403 for being more prejudicial than probative, he would not be entitled to habeas relief.  Appraisals of the probative and prejudicial value of evidence are entrusted to the sound discretion of a state trial court judge, and a federal court considering a habeas petition must not disturb that appraisal absent an error of constitutional dimensions. See Dell v. Straub, 194 F. Supp. 2d 629, 645 (E.D. Mich. 2002).  So long as a state court's determination that evidence is more probative than prejudicial is reasonable, a federal court on habeas review will not overturn a state court conviction. See Clark v. O'Dea, 257 F.3d 498, 503 (6th Cir. 2001).

In light of the fact that evidence regarding petitioner's prior sexual misconduct would have been admissible against him in a federal trial under F.R.E. 414, this Court certainly cannot find that the admission of this evidence at petitioner's state court trial "was patently unfair, contradicted governing Supreme Court precedent, or resulted in an incorrect and unreasonable application of

13

federal law." <u>Love v. Carter</u>, 49 Fed. Appx. 6, 12 (6th Cir. 2002).  Because the state court's determination that the prior sexual acts were more probative than prejudicial was reasonable, petitioner would not be entitled to habeas relief on his claim. <u>Clark,</u> 257 F. 3d at 503.

Petitioner contends that the Michigan State Legislature usurped its authority by enacting M.C.L.A. 768.27a, which conflicts with M.R.E. 403's prohibition on the admission of evidence that is more prejudicial than probative and M.R.E. 404(b)'s prohibition on the admission of propensity evidence.

Petitioner's allegation that the Michigan Legislature essentially violated the separation of powers between branches of state government is not cognizable on habeas review because it raises an issue of state law. See <u>Austin v. Jackson</u>, 213 F.3d 298, 302 (6th Cir. 2000).  "[A] federal court may not grant habeas relief based on 'a perceived error of state law.'" <u>Id.</u> (quoting <u>Pulley v. Harris</u>, 465 U.S. 37, 41 (1984)).  Furthermore, state officials are not required to follow their own procedural statutes and rules as a matter of federal due process. See <u>Sweeton v. Brown</u>, 27 F. 3d 1162, 1165 (6th Cir. 1994)(<u>en banc</u>); See also <u>Coleman v. Martin,</u> 363 F. Supp. 2d 894, 903 (E.D. Mich. 2005).  In addition, a habeas petitioner is not entitled to habeas relief based upon an alleged violation of the Michigan Constitution. See <u>Hudson v. Berghuis,</u> 174 Fed. Appx. 948, 952, n. 1 (6th Cir. 2006).

As part of his ninth claim, petitioner contends that the trial court erred in

14

admitting this other acts evidence without first conducting an evidentiary hearing. The denial of an evidentiary hearing by a state court does not state a claim upon which habeas relief can be granted. See e.g. Cornwell v. Bradshaw, 559 F. 3d 398, 411 (6th Cir. 2009). Petitioner is not entitled to relief on this claim.

Petitioner next contends in his second claim that his right of confrontation was violated when his attorney was prevented from cross-examining the victim about the nature of her sexual relationship with petitioner after she turned sixteen or allowing his attorney to question the victim about a possible boyfriend at the time of the crimes.

The Michigan Court of Appeals rejected petitioner's claim:

Defendant argues that the trial court improperly limited his cross-examination of complainant when it prohibited an exploration of her relationship with defendant when she was 17 years old. Defendant argues that "[t]he prosecutor brought out testimony that nothing had been done with the Defendant's penis by [complainant] until after she became 17" but prohibited him from asking about the same topic. However, the prosecutor did not ask complainant about her relationship with defendant beyond age 16. Rather, she offered an unresponsive comment that defendant did not use his penis with her until after she was 17. Because the prosecutor did not question complainant about her sexual relationship with defendant when she was 17 years old, defendant was not deprived of his right of cross-examination when he was not allowed to question about this issue. Moreover, such evidence of what happened when complainant was 17 years old is wholly irrelevant to what happened when she was 15 years old, the pertinent time of the charged offense, and would have been inadmissible. MRE 402.

Defendant also argues that he was improperly prevented from questioning complainant regarding whether she had a boyfriend during the relevant time period. Defendant argues that this information would

have shed light on complainant's credibility.  But, again, complainant's
relationship status was not relevant to the charges or his defense.  As
a result, the trial court did not err in preventing this line of questioning.

Perez, 2012 WL 5853722, at *4.

The Confrontation Clause guarantees only an opportunity for effective
cross-examination, not cross-examination that is effective in whatever way, and
to whatever extent, that the defendant might wish. United States v. Owens, 484
U.S. 554, 559 (1988)(internal citations omitted).  The Confrontation Clause of the
Sixth Amendment does not prevent a trial judge from imposing limits on a
defense counsel's inquiry into potential bias of a prosecution witness; to the
contrary, trial judges retain wide latitude insofar as the Confrontation Clause is
concerned to impose reasonable limits on such cross-examination based on
concerns about, among other things, harassment, prejudice, confusion of the
issues, a witness' safety, or interrogation that is repetitive or only marginally
relevant. Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).

In the present case, the trial court excluded this evidence on the grounds
that it was irrelevant.  The Confrontation Clause is not violated by limiting the
questioning of witnesses on the grounds that the evidence is hearsay or
irrelevant. See Takacs v. Engle, 768 F. 2d 122, 125 (6th Cir. 1985); Dell v.
Straub, 194 F. Supp. 2d at 644.  Because the evidence of the victim's sexual
encounters with petitioner after she turned sixteen and her relationship with her
boyfriend were irrelevant to the charges, the trial court's exclusion of this

16

evidence did not violate petitioner's right of confrontation.

Petitioner next contends that the prosecutor violated his right to a fair trial by failing to turn over a 2005 police report involving a woman named Melissa Aeder. Petitioner claims that Ms. Aeder could have impeached the testimony of one of the other acts evidence witnesses.

The Michigan Court of Appeals rejected petitioner's claim:

Defendant first argues that the police failed to provide him with a 2005 police report that contained information of a possible witness who could impeach the testimony of one of the other-acts witnesses. However, the 2005 report was provided to defendant the day before trial. Further, the prosecutor located the witness at issue, and defense counsel interviewed the witness. Defense counsel stated on the record that after interviewing the potential witness, he decided "for trial tactics not to call her" as a witness at trial. Therefore, there is no error, and even if there was any error, it was harmless since defense counsel got access to the witness defendant surmises on appeal could have helped his case.

Perez, 2012 WL 5853722, at *2.

Suppression by the prosecution of evidence favorable to the defendant upon request violates due process, where the evidence is material to either guilt or punishment of the defendant, irrespective of the good or bad faith of the prosecution. Brady v. Maryland, 373 U.S. 83, 87 (1963). There are three components of a true Brady violation: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the state, either willfully or inadvertently; and (3) prejudice must have ensued. Strickler v.

17

Greene, 527 U.S. 263, 281-82 (1999).

Petitioner's Brady claim fails because the police report and the witness were disclosed to petitioner on the first day of trial.  Brady generally does not apply to the delayed disclosure of exculpatory information, but only to a complete failure by the prosecutor to disclose such information. See United States v. Davis, 306 F. 3d 398, 421 (6th Cir. 2002)(internal citations omitted).  If previously undisclosed evidence is disclosed during trial, no Brady violation occurs unless the defendant is prejudiced by its nondisclosure. United States v. Word, 806 F. 2d 658, 665 (6th Cir. 1986); See also United States v. Bencs, 28 F. 3d 555, 560-61 (6th Cir. 1994).  The Sixth Circuit noted that "[T]he Supreme Court rejected the claim that the duty to disclose hinges on the usefulness of the material to pretrial preparation.  Such a standard would 'necessarily encompass incriminating evidence as well as exculpatory evidence, since knowledge of the prosecutor's entire case would always be useful in planning the defense.'" Bencs, 28 F. 3d at 560, n. 5 (quoting Agurs, 427 U.S. at 112, n. 20).  Any claim that the late disclosure of these discovery materials may have precluded defense counsel from adequate trial preparation is non-cognizable pursuant to Agurs. See Burns v. Lafler, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004)(citing Bencs, 28 F. 3d at 561).

Petitioner next contends in his second claim that the judge violated his right to present a defense by refusing to give the jury an instruction on consent

based upon petitioner's theory that the four sexual incidents occured after the victim turned sixteen.  The Michigan Court of Appeals rejected petitioner's claim, noting that consent was not a defense to the criminal sexual conduct charges and that petitioner was able in any event to present a defense that the sexual conduct with the victim took place after she turned sixteen years old. Perez, 2012 WL 5853722, at *5.

Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he or she also has the right to present his own witnesses to establish a defense.  This right is a fundamental element of the due process of law. Washington v. Texas, 388 U.S. 14, 19 (1967); See also Crane v. Kentucky, 476 U.S. 683, 690 (1986)("whether rooted directly in the Due Process Clause of the Fourteenth Amendment, or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense'")(internal citations omitted).  However, an accused in a criminal case does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under the standard rules of evidence. Montana v. Egelhoff, 518 U.S. 37, 42 (1996).  The Supreme Court, in fact, has indicated its "traditional reluctance to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." Crane, 476 U.S. at 689.  The Supreme Court gives trial court judges "wide latitude" to exclude evidence that is

19

repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. Id. (quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). Finally, rules that exclude evidence from criminal trials do not violate the right to present a defense unless they are "'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" United States v. Scheffer, 523 U.S. 303, 308 (1998)(quoting Rock v. Arkansas, 483 U.S. 44, 56 (1987)).

Moreover, under the standard of review for habeas cases as enunciated in § 2254(d)(1), it is not enough for a habeas petitioner to show that the state trial court's decision to exclude potentially helpful evidence to the defense was erroneous or incorrect. Instead, a habeas petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." See Rockwell v. Yukins, 341 F. 3d 507, 511-12 (6th Cir. 2003).

"[D]ue process does not require that a defendant be permitted to present any defense he chooses. Rather, states are allowed to define the elements of, and defenses to, state crimes." See Lakin v. Stine, 80 Fed. Appx. 368, 373 (6th Cir. 2003)(citing Apprendi v. New Jersey, 530 U.S. 466, 484-87 (2000); McMillan v. Pennsylvania, 477 U.S. 79, 84-86, (1986)). The circumstances under which a criminal defense may be asserted is thus a question of state law. Id.

Under Michigan law, consent is not a defense to having sex with someone under the age of sixteen. Thus, the trial court's refusal to instruct the jury on the

20

defense of consent did not deprive petitioner of a fair trial.  Petitioner was able to present evidence to suggest that he had sex with the victim after she turned sixteen and argued this to the jury.  Had the jurors believed that the victim was over the age of sixteen at the time of the incidents, they would have acquitted petitioner of the charges, because the sole basis for charging petitioner with third-degree criminal sexual conduct was that the victim was fifteen years old when the incidents happened.  Petitioner is not entitled to relief on this claim.

As part of his sixth claim, petitioner contends that his right to present a defense was violated because he was not permitted to present evidence from the 2005 police report from the Tittabawassee Township Police which would have shown that the victim was sixteen or seventeen years old at the time of the assaults.

Petitioner does not allege, nor establish, that the judge prevented him from introducing this police report into evidence or from questioning witnesses about this report.  Petitioner's attorney apparently chose not to introduce this report.  Petitioner cannot convert a tactical decision not to introduce evidence into a constitutional violation of the right to present evidence generally. See Rodriguez v. Zavaras, 42 F. Supp. 2d 1059, 1150 (D. Colo. 1999).  Petitioner is not entitled to relief on this claim.

As part of his ninth claim, petitioner contends that he did not receive proper notice regarding evidence that the police observed petitioner at the trailer

21

park in May 6, 1997, which was offered by the prosecution in rebuttal.

Petitioner's claim that this testimony was inappropriate rebuttal testimony is not cognizable on federal habeas review, because it involves a violation of state evidentiary rules. See Slack v. Cason, 258 F. Supp. 2d 727, 733 (E.D. Mich. 2003).

In his ninth claim, petitioner also contends that his defense counsel had difficulties obtaining possible defense witnesses.  The judge, however, granted a motion for a defense investigator at county expense and this investigator located several possible witnesses.  The judge gave counsel additional time to interview these witnesses. (Tr. 9/22/10, p. 3).  Petitioner's landlord, in fact, was called to testify on petitioner's behalf. (Tr. 4/14/11, pp. 24-34).  Petitioner failed to show that counsel was prevented from calling these additional persons as witnesses. Petitioner is not entitled to relief on his second, sixth, and ninth claims.

### C.  Claims # 3 and # 4.  The sentencing guidelines claims.

Petitioner next contends that several of the variables under the Michigan Sentencing Guidelines were incorrectly scored.

It is well-established that "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991)(quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).  Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas

22

review, because it is basically a state law claim. See Tironi v. Birkett, 252 Fed.

Appx. 724, 725 (6th Cir. 2007); Howard v. White, 76 Fed. Appx. 52, 53 (6th Cir.

2003). "Petitioner has no state-created interest in having the Michigan

Sentencing Guidelines applied rigidly in determining his sentence." See Mitchell

v. Vasbinder, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009)(citing Shanks v.

Wolfenbarger, 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). "[I]n short, petitioner

had no federal constitutional right to be sentenced within Michigan's guideline

minimum sentence recommendations." Doyle v. Scutt, 347 F. Supp. 2d 474, 485

(E.D. Mich. 2004). Any error by the trial court in calculating his guideline score

or in departing above his sentencing guidelines range alone would not merit

habeas relief. Id.

Petitioner further contends that the trial court judge violated his Sixth

Amendment right to a trial by jury by using factors that had not been submitted to

a jury and proven beyond a reasonable doubt or admitted to by petitioner when

scoring the Michigan Sentencing Guidelines.

In Blakely v. Washington, 542 U.S. 296 (2004), the U.S. Supreme Court

held that other than the fact of a defendant's prior conviction, any fact that

increases or enhances a penalty for a crime beyond the prescribed statutory

maximum for the offense must be submitted to the jury and proven beyond a

reasonable doubt. Id. at 301 (citing Apprendi v. New Jersey, 530 U.S. 466, 490

(2000)).

Petitioner is not entitled to habeas relief on his claim.  Blakely involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence within a minimum and maximum sentence. See People v. Claypool, 470 Mich. 715, 730, n. 14, 684 N.W.2d 278 (2004); People v. Drohan, 475 Mich. 140, 160-61, 715 N.W. 2d 778 (2006)(both citing M.C.L.A. 769.8).  "[M]ichigan's sentencing guidelines, unlike the Washington guidelines at issue in Blakely, create a range within which the trial court must set a minimum sentence." Drohan, 475 Mich. at 161.  Under Michigan law, only the minimum sentence must presumptively be set within the appropriate sentencing guidelines range. See People v. Babcock, 469 Mich. 247, 255, n. 7, 666 N.W.2d 231 (Mich. 2003) (citing M.C.L.A. 769.34(2)).  Under Michigan law, the trial judge sets the minimum sentence, but can never exceed the maximum sentence. Claypool, 470 Mich. at 730.  Therefore, Michigan's indeterminate sentencing scheme is unaffected by the U.S. Supreme Court's holding in Blakely. Drohan, 475 Mich. at 164.

The holding in Blakely is inapplicable to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. Blakely, 542 U.S. at 304-05, 308-09.  The holdings in Apprendi and Blakely therefore do not apply to a judge's factfinding that increases a minimum sentence so long as the sentence does not exceed

24

the applicable statutory maximum. See <u>Chontos v. Berghuis</u>, 585 F.3d 1000,

1002 (6th Cir. 2009); See also <u>Montes v. Trombley,</u> 599 F.3d 490, 495 (6th Cir.

2010)(the <u>Blakely-Apprendi</u> rule requiring any fact that increases the penalty for

a crime beyond the prescribed statutory maximum to be submitted to a jury and

proved beyond a reasonable doubt does not apply to laws that set the maximum

sentence by statute but that permit a judge to determine the minimum sentence

through judicial factfinding, and does not preclude a judge from utilizing the

preponderance-of-the-evidence standard when finding facts related to

sentencing).

The Court is aware that in <u>Alleyne v. United States</u>, 133 S. Ct. 2151, 2155

( 2013), the Supreme Court extended the holdings in <u>Apprendi</u> and <u>Blakely</u> and

held that any fact that increases the mandatory minimum sentence for a crime is

an element of the criminal offense that must be proven beyond a reasonable

doubt.  In reaching this conclusion, the Supreme Court overruled <u>Harris v. United

States</u>, 536 U.S. 545 (2002), in which the Supreme Court had held that only

factors that increase the maximum, as opposed to the minimum, sentence must

be proven beyond a reasonable doubt to a factfinder. <u>Alleyne,</u> 133 S. Ct. at

2157-58.  The Supreme Court, however, indicated that its decision did not mean

that every fact influencing judicial discretion in sentencing must be proven to a

jury beyond a reasonable doubt. <u>Id.</u> at 2163.

The Supreme Court's holding in <u>Alleyne</u> is inapplicable to petitioner's

25

case, because the holding in "Alleyne dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to petitioner in this case. United States v. Cooper, 739 F.3d 873, 884 (6th Cir. 2014).  Unlike the laws at issue in Alleyne and Apprendi, the Michigan Sentencing Guidelines do not require a trial judge to impose a higher sentence, nor do they allow him or her to impose a more severe sentence that was necessarily unavailable before. Id.  Because the Michigan Sentencing Guidelines merely advise a sentencing judge in Michigan how to exercise his or her sentencing discretion, Alleyne is inapplicable. Id.; See also United States v. James, 575 Fed. Appx. 588, 595 (6th Cir. 2014) cert. denied, 135 S. Ct. 769 (2014)(collecting cases and noting that at least four post-Alleyne unanimous panels of the Sixth Circuit haved "taken for granted that the rule of Alleyne applies only to mandatory minimum sentences."). Petitioner is not entitled to relief on his claims.

**D.  Claim # 5.  Prosecutorial misconduct claim.**

Petitioner next contends that he was denied a fair trial because of prosecutorial misconduct.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." Millender v. Adams, 376 F.3d 520, 528 (6th Cir. 2004)(citing Bowling v. Parker, 344 F. 3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so

26

infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986)(quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. Donnelly v. DeChristoforo, 416 U.S. at 643-45.  In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Parker v. Matthews, 132 S. Ct. 2148, 2155 (2012)(quoting Harrington, 562 U.S. at 103).

Petitioner first contends that the prosecutor appealed to the jury's sympathies by bringing out irrelevant evidence and by injecting facts that had not been introduced into evidence.  Petitioner further contends that some of these comments amounted to an improper denigration of him.  Petitioner points to comments by the prosecutor in which she stated that the petitioner got an "A+ in victim selection" by "selling a fairytalke to a lonely girl" with no parental supervision, by noting that petitioner was 44 years old and looked at the victim as someone who was isolated, lonely, and troubled enough that he could get away with sexually abusing her, by describing petitioner as the "fun" person in the trailer park who would fix children's bicycles and then later give them candy,

27

alcohol, and marijuana, and by bringing up that one of the other acts evidence witnesses was afraid of petitioner.  Petitioner also notes that the prosecutor asked the victim why she did not go to school, in which the victim replied that she was too nervous to go to school and that this was as result of what petitioner did to her.

The Sixth Circuit has noted that there are no Supreme Court cases which support the proposition that a prosecutor's questions that simply call for answers that are inadmissible due to relevancy constitute prosecutorial misconduct that rises to the level of a federal due process violation. See Wade v. White, 120 Fed. Appx. 591, 594 (6th Cir. 2005).  Therefore, the fact that the prosecutor attempted to elicit or argue irrelevant evidence throughout petitioner's trial would not entitle him to habeas relief. Id.

Petitioner is not entitled to habeas relief on his claim that the prosecutor improperly invoked sympathy for the victim.  First, the prosecutor's comments, even if they were attempts to invoke sympathy with the jury, would not entitle petitioner to habeas relief because the remarks were relatively isolated, were not extensive, and was only a small part of the closing argument that focused on summarizing the evidence. Byrd v. Collins, 209 F. 3d 486, 532 (6th Cir. 2000). This portion of petitioner's claim would also be defeated by the fact that the trial court instructed the jury that they were not to let sympathy or prejudice influence their decision (Tr. 4/14/11, p. 72). See Cockream v. Jones, 382 Fed. Appx. 479,

28

486 (6ᵗʰ Cir. 2010).  Finally, even if the prosecutor's appeals to the jury's emotions or sympathies was improper, this would be insufficient to render the trial fundamentally unfair, since it was likely that the nature of the crime itself would have produced juror sympathy even before the prosecutor made any of these comments. See Millender v. Adams, 187 F. Supp. 2d 852, 875-76 (E.D. Mich. 2002).

Petitioner further claims that the complained of comments amounted to an attempt by the prosecutor to misrepresent the facts or inject facts that had not been introduced into the record.

Misrepresenting facts in evidence by a prosecutor can amount to substantial error because doing so "may profoundly impress a jury and may have a significant impact on the jury's deliberations." Washington v. Hofbauer, 228 F. 3d 689, 700 (6ᵗʰ Cir. 2000)(quoting Donnelly v. DeChristoforo, 416 U.S. at 646).  Likewise, it is improper for a prosecutor during closing arguments to bring to the jury any purported facts which have not been introduced into evidence and which are prejudicial. Byrd, 209 F. 3d at 535.  However, prosecutors must be given leeway to argue reasonable inferences from the evidence. Id.

In the present case, the prosecutor's remarks were reasonable inferences from the evidence presented.  Moreover, any prosecutorial misconduct in attempting to inject facts that had not been introduced into evidence was also ameliorated by the trial court's instruction that the lawyers' comments and

29

statements were not evidence. (Tr. 4/14/11, p. 75). See Hamblin v. Mitchell, 354 F. 3d 482, 495 (6th Cir. 2003).

Petitioner further claims that the prosecutor improperly denigrated him by insulting his character through the complained of remarks.

Habeas relief has been rejected for far more derogatory references to defendants by prosecutors. See Farmer v. Hofbauer, 1 Fed. Appx. 372, 381 (6th Cir. 2001)(single reference comparing petitioner to Hitler did not merit habeas relief); See also Byrd v. Collins, 209 F.3d at 536 (prosecutor's use of "predator" to describe murder defendant did not deprive petitioner of a fair trial).

Petitioner further claims that the prosecutor misstated the presumption of innocence when she stated that the presumption ends when the evidence "comes in" and the jury begins to deliberate.

The prosecutor's comments in this case were not improper.  When viewed in context, the prosecutor's comments were an accurate reflection of the idea that the presumption of innocence surrounding a defendant in a criminal prosecution continues to operate until overcome by proof of guilt beyond a reasonable doubt. See United States v. Fleischman, 339 U.S. 349, 363 (1950). Petitioner is not entitled to habeas relief because in the context of her comments, the prosecutor did not undermine the concept of the presumption of innocence. See Bowling v. Parker, 344 F. 3d at 513.  Finally, the prosecutor's comments concerning the presumption of innocence did not render petitioner's

30

trial fundamentally unfair in light of the fact that the trial court gave the jury the

correct instruction on the presumption of innocence. (Tr. 4/14/11, p. 73). See

Kellogg v. Skon, 176 F. 3d 447, 451 (8th Cir. 1999).  Petitioner is not entitled to

relief on his claim.

**E.  Claim # 7.  The directed verdict claim.**

Petitioner next claims that the trial court committed error by directing

verdicts of not guilty on two of the charges contained in the information.

Petitioner does not argue how the judge's decision to direct a verdict of

acquittal on two counts violated his constitutional rights.  Conclusory allegations

by a habeas petitioner, without any evidentiary support, do not provide a basis

for habeas relief. See, e.g., Washington v. Renico, 455 F. 3d 722, 733 (6th Cir.

2006)(bald assertions and conclusory allegations do not provide sufficient

ground to warrant requiring an evidentiary hearing in a habeas proceeding);

Workman v. Bell, 160 F.3d 276, 287 (6th Cir. 1998)(conclusory allegations of

ineffective assistance of appellate counsel do not warrant habeas relief).

Because this portion of the petitioner's claim is unsupported, he is not entitled to

habeas relief.

**F. Claim # 8.  The bill of particulars claim.**

Petitioner next contends that the trial court erred in denying his motion for

a bill of particulars because he claims that the dates in the information were too

vague.

31

A state criminal defendant has a due process right to be informed of the nature of the accusations against him or her. Lucas v. O'Dea, 179 F. 3d 412, 417 (6th Cir. 1999). Notice and opportunity to defend against criminal charges as guaranteed by the Sixth Amendment to the United States Constitution are an integral part of the due process protected by the Fourteenth Amendment and therefore apply to state prosecutions. Cole v. Arkansas, 333 U.S. 196, 201 (1948); In Re Oliver, 333 U.S. 257, 273 (1948). "The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense." Olsen v. McFaul, 843 F. 2d 918, 930 (6th Cir. 1988).

A complaint or indictment need not be perfect under state law so long as it adequately informs the petitioner of the crime in sufficient detail so as to enable him or her to prepare a defense. Therefore, an indictment "which fairly but imperfectly informs the accused of the offense for which he is to be tried does not give rise to a constitutional issue cognizable in habeas proceedings." Mira v. Marshall, 806 F. 2d 636, 639 (6th Cir. 1986); Dell v. Straub, 194 F. Supp. 2d at 653-54. An alleged defect in a state court information or indictment is therefore not constitutional error unless a habeas petitioner can establish that: (1) he did not receive adequate notice of the charges; and (2) he was therefore denied the opportunity to defend himself against the charges. See Roe v. Baker, 316 F.3d

32

557, 570 (6th Cir. 2002).

The Sixth Circuit and other courts have noted "[t]hat fairly large time windows in the context of child abuse prosecutions are not in conflict with constitutional notice requirements." Valentine v. Konteh, 395 F. 3d 626, 632 (6th Cir. 2005)(collecting cases).  Although "prosecutors should be as specific as possible in delineating the dates and times of abuse offenses," courts "must acknowledge the reality of situations where young child victims are involved." Id. The Sixth Circuit has several times rejected claims similar to petitioner's claim because there is no clearly established Supreme Court precedent requiring that an information or indictment in a criminal sexual assault case involving minors must specify the date and time of the alleged assault in order to satisfy due process. See Coles v. Smith, 577 Fed. Appx. 502, 510 (6th Cir. 2014)(state court's determination that defendant was not prejudiced by lack of dates in indictment alleging multiple rape charges, and thus that defendant was not denied due process, was not contrary to clearly established federal law as determined by the Supreme Court of the United States, as required to grant federal habeas relief); Bruce v. Welch, 572 Fed. Appx. 325, 330-1 (6th Cir. 2014)(four year time frame in indictment charging sexual assaults against minor did not conflict with constitutional notice requirements);  Stevenson v. Scutt, 531 Fed. Appx. 576, 580 (6th Cir. 2013)(State prisoner was not entitled to federal habeas corpus relief on claim that Michigan court's determination that he had

adequate notice of charge for criminal sexual conduct, despite allegation in indictment that offense was committed in "winter 2004," rather than winter of 2004-2005, where prisoner failed to identify any Supreme Court precedent upon which he relied, nor cited to any case with fact pattern analogous to his own).

In any event, an accused's constitutional right to notice of the criminal charge or charges brought against him or her can be satisfied by other means, Stevenson, 531 Fed. Appx. at 580 (noting that victim's testimony from the preliminary examination provided petitioner with notice of the time frame of the assaults). Petitioner was convicted by a jury after a trial. The Ninth Circuit has observed that neither Cole v. Arkansas, supra, nor In re Oliver, supra, "foreclose the premise that constitutionally adequate notice may come from evidence presented at trial." See Troches v. Terhune, 74 Fed. Appx. 736, 737 (9th Cir. 2003). The victim's testimony at trial was sufficient to afford petitioner adequate notice of the charges against him. Bruce, 572 Fed. Appx. at 331.

Petitioner has failed to show that he lacked adequate notice of the charges against him in this case and is not entitled to habeas relief on his eighth claim.

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or

34

federal conviction. [1] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA

"only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects

a habeas claim on the merits, the substantial showing threshold is met if the

petitioner demonstrates that reasonable jurists would find the district court's

assessment of the constitutional claim debatable or wrong. See Slack v.

McDaniel, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by

demonstrating that ... jurists could conclude the issues presented are adequate

to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S.

322, 327 (2003).  In applying this standard, a district court may not conduct a full

merits review, but must limit its examination to a threshold inquiry into the

underlying merit of the petitioner's claims. Id. at 336-37.

　　　For the reasons stated in this opinion, the Court will deny petitioner a

certificate of appealability because he has failed to make a substantial showing

of the denial of a federal constitutional right. See Millender v. Adams, 187 F.

Supp. 2d 852, 880 (E.D. Mich. 2002).

　　　Although this Court will deny a certificate of appealability to petitioner, the

standard for granting an application for leave to proceed in forma pauperis (IFP)

---

[1]   Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254
Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must
issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a),
28 U.S.C. foll. § 2254.

is a lower standard than the standard for certificates of appealability. See Foster

v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002).  Whereas a certificate

of appealability may only be granted if petitioner makes a substantial showing of

the denial of a constitutional right, a court may grant IFP status if it finds that an

appeal is being taken in good faith. Id. at 764-65; 28 U.S.C. § 1915(a)(3); Fed.

R.App.24 (a).  "Good faith" requires a showing that the issues raised are not

frivolous; it does not require a showing of probable success on the merits.

Foster, 208 F. Supp. 2d at 765.  Although jurists of reason would not debate this

Court's resolution of petitioner's claims, the issues are not frivolous; therefore,

an appeal could be taken in good faith and petitioner may proceed in forma

pauperis on appeal. Id.

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of

Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **GRANTED** leave to

appeal in forma pauperis


Date:   June 9, 2015                              s/Marianne O. Battani
                                                  MARIANNE O. BATTANI
                                                  United States District Judge


36

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on June 9, 2015.

<u>s/ Kay Doaks     </u>
Case Manager
